Good morning. Anna Benvenuti-Hoffman for Plaintiff Appellant John Smith. I'm going to attempt to reserve five minutes. We'll see what happens. John Smith spent nearly 20 years wrongly imprisoned for a murder he did not commit before his actual innocence was established by thorough reviews conducted by the Los Angeles District Attorney, the California Attorney General, and the State Victim Compensation Board. But wasn't the issue in the 1983 action whether or not the investigating homicide detectives knew that they were framing an innocent man? No actually. The issue in the 1983 suit was whether the officers engaged in misconduct, suggestive identifications, coercion, or withholding exculpatory evidence. Which led to the conclusion that they knowingly framed an innocent man for murder. They don't need to know. I apologize. They don't need to know that he's innocent. They need to have engaged in the misconduct. There was no dispute that the entire trial came down to two different competing versions of events. It all depends on... But why was the district court wrong in saying look we're not going to retry the murder case here. What we're going to do is examine what the investigative detectives knew and whether or not their actions resulted in an unconstitutional conviction of a man they knew was not the shooter. The case came down to, as I said, what happened in this interaction. There's no dispute that going into the photo array, the defendant's police officers already suspected John Smith. There's no dispute that at the end of the photo array, the surviving victim, Mvemba, identifies John Smith. And there's no dispute that Mvemba says now he never saw the shooter. He had no independent basis to identify him. And the only reason he identified him was because of the suggestion and coercion by the detectives. But the civil jury heard all that evidence, did they not? And they returned a defense verdict which to my mind says they heard the evidence but they didn't think that it was As seven circuits, including this one, have found and the defendants have pointed to nothing contradicting that, innocence evidence on its own can be critical circumstantial evidence affecting the credibility of the various events. I wanted to introduce evidence of the administrative agency ruling in order to influence the jury's decision. The district court said no, I'm not going to let you do that because I don't think that's proper. But I will allow you to introduce the evidence through the testimony of the witnesses which you were permitted to do. So I just don't see the error here. How did the district court abuse its discretion in telling the jury we're not going to retry the murder case? In several ways. First, the federal rules of evidence under 8038 and also several decisions, prior decisions of this court including Johnson v. City of Pleasanton, Keith v. Poppe, the Beach Aircraft, make clear that an administrative decision like the one from the Victim Compensation Board is admissible evidence for its truth. Is it an adversary proceeding? Do the officers have a right to counsel? Is there somebody on behalf of the state arguing or cross-examining witnesses? I can't tell from the record exactly what happened other than the fact that the agency issued a decision and wrote a check. There is an adversarial proceeding. The state's interests are represented by the California Attorney General. These are hotly contested. It's very difficult to get a finding from the Victim Compensation Board of Innocence and Compensation. What evidence is there in the record other than the final ruling by the agency and the payment of the money? Within the record, if you look at ER 557, which is within the Victim Compensation Board record, it indicates that both the District Attorney and the California Attorney General conceded innocence, which is incredibly rare in this case. Counsel, you keep giving me conclusions. What Judge O'Connell was wrestling with was, I don't know enough about the proceedings of these agencies in order to determine whether or not the administrative agency ruling is properly admissible. Under the rules, she's permitted to determine that this is not a reliable or trustworthy source of information without knowing more about how the conclusion is reached. Two things. First, respectfully, she was not struggling with whether this was admissible under 8038 because she wrongly applied the rules for California state law issue preclusion, which is where you get into whether the defendants are represented, whether it's an adversary proceeding, whether it's judicial versus administrative in nature. But doesn't Ninth Circuit case law hold that an otherwise admissible record can still be excluded if the district judge determines that it's not reliable? So the Ninth Circuit governing case law, and we cited this in our brief, there's a presumption of trustworthiness. You have to shift the presumption. So to the extent that there's not enough evidence in the record. You're not answering my question. The answer is yes. That's what our Ninth Circuit authority says. Not exactly. I don't believe that's true. What it says is that there is a presumption of trustworthiness and the burden shifts to the party opposing the introduction of this evidence to introduce evidence showing why it's not trustworthy. And the record is clear that first of all, the district court was using the wrong legal standard, which is per the extent she mentioned 8038 at all, she said that the administrative law judge is not a public agency because it's not elected to office. That's completely wrong. That has nothing to do with the test under 8038. And then she said, plaintiff, you have not introduced sufficient evidence. That's shifting the burden to the plaintiff. And this court has reversed district courts before, even when they actually identify 8038, for improperly shifting the burden onto the party seeking the introduction of the evidence. That's what it did in Johnson v. City of Pleasanton, and we cited some additional authority examples of that in our brief. Counsel, what exactly were you trying to get in? Were you trying to get in the totality of the report of the Victim Compensation Board, or were you just trying to get in its conclusion that by a preponderance of the evidence that he did not commit the crime with which he wanted in, or was it the report in its entirety? Certainly the conclusion. I don't think we ever got to the stage of parsing exactly which portions of the report, and I don't dispute that it would be possible to say certain sections of the report, the whole thing is admissible under 8038. You could do a line-by-line and say certain parts of it should not come in under 403. But what you can't do is say that, and again this is not what the court did because the court didn't apply 8038 at all, but what you can't do is say, I'm going to disagree with the policy judgment underlying 8038, and say on my own that I don't think public records are admissible under 403 because I'm making my own judgment about whether it's fair to allow in a public record. That policy judgment that those records are presumed reliable and that they should be generally admissible absent evidence showing that they're not trustworthy, and by the way, there is no good evidence that this report is not trustworthy. There were multi-year investigations by parties that have every incentive to oppose a finding of innocence. Counsel, wouldn't the jury in this case have understood that there were other third parties who had evaluated the trial that led to the murder conviction, other third parties who had evaluated that evidence and concluded that that evidence was not legally sufficient to support a conviction? The jury understood all of that, even without the benefit of this conclusion of the Victims' Compensation Board. Isn't that correct? There was evidence introduced. I guess that's really more of a harmless error type question, but isn't that a fair statement that they understood all of the events that led to the exoneration? No, that's not a fair statement because they did know that the conviction itself was overturned on the basis that Muvemba's testimony at the first trial had been perjured, but there is a far cry between saying that there was no basis to convict and saying that John Smith is actually innocent, and in order to circumstantially prove the misconduct or to corroborate the testimony from Muvemba about what happened during that key interaction, it is critical to know that Muvemba did not identify John Smith because he had actually seen him, which is what the defendants argued during their closing argument. He could not have identified him because not only was he not able to see the perpetrator, John Smith was not there. He's not the one who did the shooting. So the only logical explanation for how Muvemba identifies the same person that the defendants admittedly already suspected, the same wrong person, is exactly what Muvemba said, which is that there was suggestion and coercion during that procedure, and there's no dispute that if what Muvemba says happened is true, that he's proved his claim. There's no dispute about that. The entire case came down to which version of events is the jury going to credit? And given that even defendants admit, their whole argument is, of course you can't let in this innocence evidence because it's going to prejudice us. The jury's going to come to a different verdict. That shows that the exclusion of the evidence is prejudicial, which is and necessitates... How is it prejudicial if you were allowed to call the witnesses themselves to recant their testimony, recant their identification from the lineup? I mean, in essence what you're arguing is you wanted this record to come in to corroborate the testimony of your witnesses at trial, and the district court said, I'm not going to allow this report in. I'm going to allow you to introduce the evidence, and the jury heard your client say, I didn't do it. I'm not guilty of the murder. Which is essentially the only evidence of innocence they heard, and obviously the denial from... How are you prejudiced? By the exclusion of the report, which essentially would have bolstered or agreed with your client's testimony. Because obviously the testimony from an accused that he didn't commit the crime, when that's the only evidence offered to support that, is not nearly as convincing. It does not have nearly as much probative value as an independent evaluation from adverse parties who have every reason to dispute it, who say, we did a multi-year investigation. And also, it is not true that the district court said that we could introduce all evidence supporting innocence. What she said was, innocence is not relevant. I'm not going to have you relitigate. The only evidence that came in on this point was the prior testimony, which the LAPD, LADA, California AG, Superior Court, all agreed was perjured, which defendants argued for the truth. Which they're not precluded from doing, but that's the evidence that they used, Movemba's prior testimony. And then there was limited testimony from John Smith that he did not commit the crime. Do you want to reserve? I do, yes. Thank you. Good morning, your honors. May it please the court, Susan Coleman for detectives Mike Pasquale and Charles Block of the Los Angeles Police Department. The district court here properly weighed the evidence and made the correct decision based on 403. In essence, the court assumed that it was not hearsay evidence we're dealing with, that it had already gotten past the 8038 analysis of a public record and then weighed the probative value versus the prejudice. She didn't allow plaintiff to argue, to use the term innocence. Similarly, the defense was not able to use the term guilt. Well, I want to make sure, I think there are different arguments going on here. There's one argument about whether they could actually use certain words and then there's an argument about the admissibility of the document from the victim's point of view. When we're talking about the report, are you saying that the district judge did not analyze it under 8038? Are you agreeing with that or are you disagreeing with that? I disagree with that, your honor. I think in essence, and part of the confusion I think came up because it was raised in different manners below as the case progressed. Initially in the first motion in limine, plaintiff's counsel asked for a preclusive effect so that the defense could not argue guilt and they asked for collateral estoppel. Then in response to the defense motion in limine that the term innocence not be used, they argued that it was relevant, that it was not overly prejudicial, and there was only one line mentioning the public records act 8038. On the second day of trial, plaintiff's counsel filed a supplemental trial brief asking for admission of the victim's compensation claim board decision under 8038 and that's really the first time that that issue was raised squarely. The court, I think a good analogy is, for example, in internal affairs reports when an agency like LAPD says a shooting was within policy, for example. That really never comes into evidence at trial but it's not because it's not a reliable public record of an agency that the agency is required to maintain. In those cases, the district court skips over that analysis and goes straight to 403 because that's really the issue. Is it more probative or more prejudicial? In those cases, it doesn't come in because it's too prejudicial for the jury to hear that there's a finding that essentially usurps some of its decisions. Two, in this case, the court properly balanced and there's some comments that the judge makes, such as commenting on trustworthiness, where we can infer that there was some thought process on the 8038 process. Some of that, as plaintiff appellant points out, also came about because there was a, they attempted to use it for collateral estoppel initially, so that's how that... Again, just so I'm making sure I'm keeping these things in the right box, I understand completely that the words innocent and guilt, that was a strict 403 analysis. I'm with you there. We can debate whether that was correct or not. But as for the report, are you saying that the district court essentially treated as admissible under 8038 but then excluded under 403 or did she exclude it under 8038? Well, I think it can be viewed either way because she talked about the trustworthiness and said it's not a judicial finding. It's an agency that's essentially making a decision on the money and everyone conceded. There was no hearing that was done and in the concessions that were done by the district attorney's office and LAPD, it was that they had no faith in the verdict anymore after Movemba had said he committed perjury at the first trial. To be clear, they did not say they thought he was innocent. There was no exoneration that occurred here. I don't think even plaintiff's counsel would have wanted the whole document to come into evidence because it talked about Mr. Smith being given $635,000 from the claim board and it would open the door to the fact that he did try in superior court for the 1485.5 factual innocence finding and that was denied. Right. I guess you want us to affirm in this case, right? Clearly. Okay. So if we wanted to agree with you, I'm trying to figure out what are you asking us to say? Are you asking us to say the district court correctly excluded the report under 8038 or to the district court correctly excluded the report under 403? Because for us, it's a different analysis depending on which rule you think is in play here. So which is the way we should look at this? As to the report, not the words, the words I get. How about the report? Well, the report, honestly, I think the court skipped to the crucial factors here and sort of assumed, okay, well, even if it comes in under a public record, it's too prejudicial to be admitted. So then we would, for your view of the case, then we would need to review the admissibility of the report under 403 and not 8038. Correct. But if you want to reach on alternate grounds, I think there are indications in the record based on her comments about the trustworthiness that it was not a judicial finding that you could find on that basis. Well, you see, so there's this case, a state of, I think it's called Barabind, which may limit our ability to do that. I was looking at this case and I was surprised that's what the case holds, but that does seem to be what it holds. And it makes it tougher for us to do an alternative holding here. I mean, look, I think you have a good, I think you actually have a good argument that this document is an opinion, it's almost a legal conclusion. And legal conclusions under our Dollar Tree case usually are not admissible under 8038. But I'm not sure the district court clearly said that. And so then if we're in the 403 world, then it's a different analysis. Okay, I've taken enough of your time. Correct. Well, the court did let plaintiff, the court let Smith present alibi evidence to suggest an alternative suspect. The jury was read the habeas finding that the conviction was vacated, that Movemba had testified falsely. So there was substantial evidence admitted into trial that this report would have been essentially cumulative and it would have been more prejudicial than probative to get into the multi-page report about, and the multiple Also, St. Hippolyte from the LA District Attorney's habeas litigation unit was allowed to come in and testify about his investigation, the number of witnesses he interviewed, the lack of confidence in the verdict at that point. And the LAPD witness, Abdul Rahman, came in and testified that he agreed that he no longer had confidence in the verdict and they conceded and that led to the conviction being overturned. So all of this evidence was before the jury. I think it's important to note also that there's no malicious prosecution claim, so guilt and innocence were not required for the elements of any of the claims brought against the detectives here. In terms of the photo identification, Appellant's counsel talked about the photo array identification of Smith. It was unduly suggestive in that Movemba testified he identified because the detectives coerced him. Well, first of all, the jury did not agree with that, that he was coerced. And if you look at the testimony below, Movemba knew many more details than the detectives knew. He gave the jury at the initial criminal trial many more details about how he knew the guy from junior high school, that he had run track, that he was a very fast runner, that he had gotten medals, things that were not information that the detectives even knew about. Does the court have any additional questions? Counsel, yeah, I would like to return to the 803 issue just very briefly. This is the critical finding of the board. I think I read it earlier. Let me read it again. Smith's claim should be approved as there is a preponderance of the evidence that he did not commit the crime with which he is charged and convicted. I mean, that sounds to me very much like a factual finding by the board, which would be admissible under the hearsay rule. Yeah, you characterize that as a legal conclusion, which is not covered by the rule. Do you see that as a legal conclusion? Well, I'm saying he didn't commit the crime. That sounds like, doesn't that sound like a factual, you've assessed the evidence, the board makes a judgment about what that evidence leads to, what it amounts to, and it renders a judgment. Why isn't that a factual determination by the board? I suppose you could argue it's a factual finding, but it's based, it's based, it's a factual finding. Bamba recanted his testimony and said that he had testified falsely before, so it necessarily implies some credibility determination about when he's telling the truth. Is it, is he lying now? Was he lying then? And so it's really a conclusion more akin to like an internal affairs investigation that's making findings. And those, in the cases where those kind of investigations come in, it's usually the statement of the witness, but not the conclusion that's admissible into evidence. And so I would compare it to that. In addition, the Victims Compensation Claim Board, it's a board that decides whether to grant persons money. It's not a judicial, there's not a judicial officer involved, and so I would argue it's less trustworthy than, for example, the Superior Court, which, you know, he was procedurally barred, that, that was denied. And then Judge Schnegg also said there was insufficient evidence to determine that he was innocent. Is that what Judge O'Connell was referring to at ER 5 and 6, where she talks about Judge Schnegg's making no finding on factual innocence, and then goes on to address the fact that she's been presented with no facts as to how the VCB reached that conclusion. She doesn't know whether or not witnesses were cross-examined and what went on there. I'm reading from the top of page 6, and I'm not going to admit any evidence of the Victim Compensation Board ruling, given your proffer. To me, that looks like a reliability concern with regard to how that conclusion was reached. And then she goes on on page 6 to move to the 403 analysis. Correct, and that's where I indicated that the court could infer that there was an analysis of the trustworthiness and whether that was a proper finding that's entitled to admissibility. So the only, the only judicial officer that considered this, Judge Schnegg, said that she didn't have enough to make a finding of factual innocence. So the 49, the fact that the 4900 Claim Board found that there was enough to award the money is different and not reliable in terms of 8038 being admissible as a finding. The jury had everything that plaintiff would have wanted to admit in terms of, you know, his claims that he did not commit the crime, that he wasn't there, that Movembo recanted, all of the things that they would have liked to admit. The cases that appellants cited to in their brief on innocence being relevant, when you look at those actual cases, they talk about, for example, DNA evidence coming in to show that someone's innocent and setting the backstage. Here, if there had been DNA evidence, plaintiff would have been allowed to present it at trial. He was able to to present witnesses to show, you know, he wasn't there. He testified he wasn't there. He presented evidence of an alternative suspect. Counsel, how do you respond to your opponent's argument? You clearly very much did not want this report to come in. You worried about its impact on your case. And yet you now seem to be arguing that, well, even if it was wrongly excluded, it doesn't matter. That strikes me as a contradictory position. How do you reconcile those two positions? Well, just to be clear, I'm arguing that it was properly excluded on several grounds. But I understand that. But if we were to disagree with that. But a lot of the substance did come into evidence. And I think that it could be harmless error if it came in because some of those witnesses did testify. In fact, if the whole report came in and we were entitled to get into the fact that he was awarded money and that this was not a judicial officer that made this determination, it was a claim board. And when he went to the Superior Court to get a finding of factual innocence, that that was denied, it could still be harmless error, the fact that that report came in. But there's double layers of hearsay and there's reasons why the report was not trustworthy and it was more prejudicial than probative. I mean, I think that's why plaintiff's counsel wants the report and initially argued for a preclusive effect because they want the jury to have this backdrop where they're told Mr. Smith is innocent. He was exonerated, which is not factually the case here. It's not that's not actually accurate to say he was exonerated. And we looked high and low for any case where the Victims' Compensation Claim Board finding of innocence was admitted in a court and have not been able to find one decision where that was admitted. But the reason they wanted so strongly this to come in is they believed it would color the jury's decision and then the detectives would not get a fair shot to explain what they did and have the jury evaluate whether they committed misconduct that contributed to the conviction or not. And here the court did a proper balancing of letting the substantive testimony in through witnesses without, you know, giving a judicial finding that might overly affect the jury. Any other questions? Thank you very much. Thank you. Opposing counsel suggested that if Mr. Smith had had DNA evidence or other kinds of evidence of innocence that that would have been permitted to be admitted in this case. That is not what the district court ruled. What the district court ruled, it was she was not merely excluding the terms innocence and guilty, although she did originally say that. She specifically, there was a request for clarification. Does that mean the underlying evidence can come in? And she said, no, those are not the issues at this case. You cannot allow that evidence in. So for example, St. Hippolyte, the DA investigator who did this extensive investigation was not permitted to testify about his ultimate conclusions about innocence. And I want to clear something up. The LAPD and the LADA initially at the time that they were letting Mr. Smith out of prison where he'd been for 19 years made a representation to the district court merely that there was no credible or corroborating evidence to support the conviction, which is undeniably true because it was based solely on Movemba's testimony. Subsequent to that, there was extensive additional investigation and that is when the LADA and the California attorney general specifically represented. On top of that, it's not just that we don't know what happened and we don't have a basis to keep this man in prison anymore. It's that we believe the factual finding, he is actually innocent. He did not commit this crime. And that that was what was presented originally to the district court and I mean, sorry, to the superior court. This is the time when there was the LADA said specifically, we believe that he has and can prove innocence. However, based on the change in the statute, we don't think this is the proper forum. We believe he can get a finding of innocence before the victim compensation board and so we are requesting that you deny the finding here, but he will get it in the victim compensation board. And then the California attorney general submitted a 35-page brief and 60 exhibits saying we think he's innocent and they gave this to the victim compensation board. The victim compensation board then spent a year, they interviewed Mr. Smith, they reviewed all of the exhibits. Where is that in the record? Did you provide that to the judge? You're testifying now outside of the record with information that's not in the record. Well, no, some of this is in the record because it's summarized in the- Where do I find this in the record? I'd like some record site. So ER- Did you present this information to Judge O'Connell? Not all of this information was presented to Judge O'Connell. Where did you present this information that you just represented to us to Judge O'Connell? So the ER-557, which is the summary, which is where in the victim compensation board finding, it specifically recounts the history, it summarizes it, it talks about how the DA had conceded to the superior court that they could make a finding of innocence and then it says that the California attorney general had specifically conceded to the victim compensation board that Mr. Smith was entitled to a finding of innocence. This entire victim compensation board, along with a trial brief, was filed in the district court. I'm not sure, I don't remember off the top of my head where, but I believe that the habeas memorandum, which was prepared by St. Hippolyte, was also, was in before the district court below and there was briefing on motions and lemonade about whether the substance of that could come in. There was also evidence before the district court at the time of summary judgment about the, for example, St. Hippolyte's testimony about how skeptical they were, how originally he, you know, because he's a career DA, he's looking at a report that a victim... What does this have to do with what the officers knew and did at the time they investigated the murder? What you're telling me is events that happened, what, 20 years after the crime was investigated? The issue that the jury had to decide, as I think the district court focused on, was whether or not the officers acted in a reasonable fashion or whether they violated your client's constitutional rights. Absolutely, and as court after court has held, compelling evidence of innocence is relevant to a jury's determination of what happened. And as this, as the Ninth Circuit has held, when in the original Devereux case, it is unusual, although we have it in this case, to have direct evidence of fabrication of evidence. Almost always you're going to have to prove it stand and admit that they coerced a witness or they fabricated evidence. So you're going to need circumstantial evidence and powerful circumstantial evidence. But I thought the witness testified to that, the witness who recanted. The jury heard him say that the detectives leaned on me. Right, he did. But the most powerful corroborating evidence that would change the jury's evaluation, there's no question that there were reasons... But you want in a conclusion 20 years later by a different police detective, I believe that witness when he says that, is that what you were asking the district court to admit? No, it's not. It is not merely a credibility finding about Movemba. It is the result of a multi-year investigation establishing innocence. I'm just a little bit at a loss here. I thought that the role of the civil jury was to determine the reasonableness of what the officers did. And you keep wanting to go back and retry the murder case. The problem is that whether or not Mr. Smith was actually guilty, whether Movemba saw him or not, is directly relevant to what happened, whether the police officers engaged in misconduct. And this is a conclusion that circuit court after circuit court has reached when it's considering the admissibility of evidence of innocence like DNA evidence. Let me ask you something, though, counsel. I guess where I'm having the trouble with your argument is that the what I think of as evidence, it is certainly an analysis of evidence and it's an opinion on what the evidence is. It's different than an eyewitness recanting. It's, you know, it would be akin to, let's say, the New York Times did an exhaustive one-year study of a criminal case and they wrote a series of articles saying how, in the opinion of all these reporters, this guy, in fact, didn't do it. How is how is this different than that New York Times article scenario? Because the federal rules of evidence have specifically made that policy determination about whether this type of evidence is reliable enough that there should be a presumption that it's admissible. But again, how is it evidence that it's under? It's under 8038. It's a report of a public and there's not actually not even any dispute. The defendants haven't. No one has argued that it doesn't meet the requirements of 8038. Normally with 8038, what I think of is, for example, is how many people cross the border a certain day. It's a it's a it's a what I would call more of a fact. This report is someone's opinion, maybe the correct opinion. I'm not I'm not in any way discounting what the report the conclusion the report came to. But we do have case law on the circuit that says conclusions, legal conclusions are not 8038. Now, I agree. I and maybe that this is ultimately irrelevant because the district court didn't hang its hat on this one. But I'm just trying to understand how is your piece of what you keep calling evidence? How is it like DNA? DNA is a fact. You know, it's eyewitnesses, a factual testimony. This is someone's analysis of facts and they opine. So this that was answered specifically in the Supreme by the Supreme Court in Beach Aircraft. And it says just because it's could be characterized as an opinion, a factually based opinion. It is not for that. But there's a footnote in Beach that leaves the question open that our court later opined on an opinion by Judge Graber in a way I don't. I mean, we're way over time here. If there's no easy answer, I appreciate that. I'm not sure ultimately matters because I'm not sure the district court excluded on that ground anyway. Right. I think that's correct. And I also think that there are even if you were to say that the ultimate conclusion was inadmissible, there are subsidiary findings of fact. There's no question by both the Victim Compensation Board and the habeas investigation that particularly given the nine hour trial court limitations and also the difficulty in getting witnesses, for example, the confidential informant who refused to testify, other people who cooperated with the investigation by the attorney general and the D.A. who we could not get present in the court. But there was a separate finding by the court that she actually was not going to permit in any evidence related other than she permitted Mr. Smith to say that he didn't commit the crime. And critically, Movembo, because he did not see who actually committed the crime, he couldn't say that John Smith was I didn't see it. I don't know what happened. Thank you very much, counsel, for your argument to both counsel in this case. Thank you. We will move on this matter submitted. We'll move on.
judges: Lipez, Tallman, Owens